UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONA ALDRICH,

        Petitioner,

v.

        CASE NO. 2:12-CV-13709
        JUDGE BERNARD A. FRIEDMAN
        MAGISTRATE JUDGE PAUL J. KOMIVES

MILLICENT WARREN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

Petitioner Lona J. Aldrich is a state prisoner, currently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan.

1.    On October 29, 2010, petitioner was convicted of uttering and publishing, MICH. COMP. LAWS § 750.249; and embezzlement of more than $50,000 but less than $100,000, MICH. COMP. LAWS § 750.1746, pursuant to her guilty plea in the Barry County Circuit Court. On October 29, 2010, she was sentenced to a term of 4 years and 9 months' to 15 years' imprisonment.

2.    Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

    I.    IS MS. ALDRICH ENTITLED TO RESENTENCING BECAUSE THE PROSECUTOR BREACHED THE PLEA AGREEMENT, IN VIOLATION OF

>DUE PROCESS OF LAW, WHERE THE PLEA AGREEMENT CALLED FOR THE PROSECUTION TO RECOMMEND THE LOW END OF THE SENTENCING GUIDELINES, BUT, AT SENTENCING, AFTER THE PROSECTUOR ISSUED THAT RECOMMENDATION THE JUDGE SENTENCED MS. ALDRICH TO 4 YEARS AND 9 MONTHS TO 15 YEARS?
>
>II.     DID THE TRIAL COURT ERR IN IMPOSING A MINIMUM SENTENCE THAT WAS AN UPWARD DEPARTURE FROM THE RECOMMENDED MINIMUM STENTENCE RANGE WITHOUT AN ADEQUATE REASON?
>
>III.    SHOULD THIS CASE BE REMANDED BACK TO TRIAL COURT TO DETERMINE TO WHAT EXTENT THE LOSSES SUSTAINED BY THE VICTIMS RESULTED FROM MS. ALDRICH'S CRIMINAL COURSE OF CONDUCT AND TO WHAT EXTENT THE LOSSES RESULTED FROM NEGLIGENCE?

The court of appeals denied petitioner's application in a standard order, "for lack of merit on the grounds presented." *See People v. Aldrich*, No. 304508 (Mich. Ct. App. Aug. 2, 2011).

    3.    Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Aldrich*, 490 Mich. 914, 805 N.W.2d 208 (2011).

    4.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on August 21, 2012. As grounds for the writ of habeas corpus, she raises three claims: (1) breach of the plea agreement by the prosecutor; (2) upward departure from the recommended minimum sentencing range without articulating an adequate reason; and (3) imposing restitution at sentencing without determining the ability to pay.

    5.    Respondent filed her answer on February 27, 2013. She contends that all of the petitioner's claims are without merit.

B.    *Factual Background Underlying Petitioner's Conviction*

Ms. Aldrich was originally charged with one count of embezzlement of money or personal property with a value of $100,000 or more (Count 1); accessing a computer with intent to defraud

(Count 2); seven counts of uttering and publishing (Counts 3-9); illegal use of a financial transaction device (Count 10); four counts of false tax returns (Counts 11-14); and embezzlement of money or property with a value of $50,000 or more but less than $100,000 (Count 15). The parties reached an agreement, allowing Petitioner to plead guilty to Count 3 (uttering and publishing), and Count 15 (embezzlement between $50,000 and $100,000).

Petitioner was the administrator for a medical practice and had access to the practice's bank accounts. In 2008, she uttered and published a check in the amount of $5,500. Petitioner also embezzled funds from the medical practice through "bookkeeping, transactions, cash taken, checks written, in appropriate." (6/10/10 Plea Tr. at 11.) For purposes of the plea, the parties agreed that the amount petitioner embezzled was between $50,000 and $100,000. (6/10/10 Plea Tr. at 11-12.)

The agreement reached included a recommendation to be made by the prosecutor at sentencing. (6/10/10 Plea Tr. at 4.) Defense counsel agreed that the deal included that the prosecutor offer a non-binding recommendation at sentencing. (6/10/10 Plea Tr. at 4.) Counsel affirmed this was not a "*Killebrew* recommendation."[1] (6/10/10 Plea Tr. at 4.) It was also specified "defendant has agreed to transfer her 401(k) to the victim in partial satisfaction of restitution." (6/10/10 Plea Tr. at 4-5.) The prosecutor agreed no further charges would be issued. (6/10/10 Plea Tr. at 5.) Petitioner affirmed this was her understanding of the agreement. (6/10/10 Plea Tr. at 5.)

Petitioner also confirmed she understood that she would be facing a maximum penalty of 14 years for Count 3 and 15 years for Count 15. (6/10/10 Plea Tr. at 6.) Petitioner affirmed she understood she was waiving her trial rights and appeal by right by pleading guilty. (6/10/10 Plea Tr. at 6-8.) Petitioner denied her plea was the result of undisclosed threats or promises. (6/10/10 Plea

---

[1] In *People v. Killebrew*, the Michigan Supreme Court held if a "judge refuses to agree to the state's concessions, the defendant may refuse to waive his constitutional rights." 416 Mich. 189, 207 (1982).

Tr. at 8.) She denied anyone threatened her or promised her anything beyond what was stated in the plea agreement. (6/10/10 Plea Tr. at 9.) She also affirmed that she was waiving the right to later claim that it was not her choice to enter this plea. (6/10/10 Plea Tr. at 8.) And, the court specifically asked petitioner whether she understood what the sentence recommendation meant and that it was not binding on the court. (6/10/10 Plea Tr. at 9.)

At sentencing, after testimony from the physicians of the practice suggesting there were additional charges that could have been pursued, but, under the agreement, the prosecutor stated that Ms. Aldrich would not be prosecuted further. (7/30/10 Sentence Tr. at 29-31.) The prosecutor asked the court to sentence petitioner pursuant to the plea agreement, which included the prosecution's recommendation that she be sentenced at the low end of the sentencing guidelines (7/30/10 Sentence Tr. at 31.)

C.     *Standard of Review*

Because petitioner's application was filed after April 24, 1996, her petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility

5

for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).  The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.  Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D.

Mich. 2002) (Tarnow, J.).[2]

D. *Breach of the Plea Agreement*

Petitioner first claims that the prosecutor breached the plea agreement by making harsh comments about the defendant at the sentencing hearing and in effect persuading the judge not to follow the plea agreement. As part of the plea agreement, the prosecutor would recommend the low end of the sentencing guidelines, which had been calculated at 19 to 38 months of imprisonment. In turn, Ms. Aldrich would plead guilty to Count 3 and Count 15 and subsequently all other charges would be dropped. Furthermore, no additional charges would be brought against Ms. Aldrich.

The prosecutor complied with the plea agreement. However, the trial court was not bound by the prosecutor's recommendation, as defense counsel acknowledged at sentencing and petitioner acknowledged when she entered her pleas. (7/30/10 Sentence Tr. at 31-32; 6/10/10 Plea Tr. at 9-10). This was explicitly noted during the plea hearing where the prosecutor stated, "It's actually not even a *Killebrew*. It's just a recommendation to the Court. It would not be binding on the Court, your honor." (6/10/10 Plea. Tr. at 4). As noted *supra*, in *People v. Killebrew*, the Michigan Supreme

---

[2] The deferential standard of review set forth in § 2254 (d) applies even though the Michigan Court of Appeals did not issue a reasoned decision. As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied petitioner's application for leave to appeal on any basis other than the merits. On the contrary, the court of appeals explicitly stated that its denial was "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case." *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Jan. 28, 2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at *3 (Mich. Ct. App. Oct 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983). Accordingly, the Michigan Court of Appeals denial of petitioner's application for leave to appeal "for lack of merit in the grounds present" constitutes an adjudication on the merits for purposes of § 2254 (d). *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan 27, 2011) (Roberts, J.).

Court stated that a court must give the defendant an opportunity to affirm or withdraw a guilty plea should the trial judge not accept the prosecutor's recommendation. 416 Mich. 189, 209-210 (1982). However, because Ms. Aldrich agreed that the plea agreement was a non-*Killebrew* recommendation, she did not have an entitlement to withdraw her guilty plea.

Moreover, as the respondent properly points out, after the agreement was stated on the record at the plea proceeding, the trial court directly questioned petitioner as to whether she understood the terms of the agreement. (6/10/10 Plea Tr. at 9-10.) The judge specifically asked Ms. Aldrich if she understood that the court was not bound to impose the specific sentence set forth in the plea agreement and Ms. Aldrich stated she understood. (6/10/10 Plea Tr. at 9-10.) The plea transcript states that Ms. Aldrich understood that she could be sentenced to the maximum penalty for each count she pled guilty to. (6/10/10 Plea Tr. at 6.) Both parties agreed that no other promises or inducements were made.

Petitioner contends that the prosecution breached its agreement in two ways: first, the prosecutor made harsh comments at sentencing and then asked the court to sentence Ms. Aldrich to prison, and second, that the prosecutor did not recommend a specific sentence, but only recommended prison. She contends that the prosecutor's harsh comments could only have had the effect of implying that a 19-month sentence was not long enough. The Court should conclude that the Michigan Court of Appeal's rejection of these claims was not contrary to, nor an unreasonable application of clearly established Supreme Court precedent.

In *Santobello v. New York*, 404 U.S. 257 (1971), the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. The Court has subsequently clarified this language, holding that *Santobello* does not apply to every rescinded

8

government promise. Rather, it applies only to those promises that induce a defendant to plead guilty. *See Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984). Under *Santobello*, the appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea, and the Constitution does not require specific performance. *See Santobello*, 404 U.S. at 263; *Mabry*, 467 U.S. at 510 n.11; *United States v. Bradstreet*, 207 F.3d 76, 80 (1st Cir. 2000); *Peavy v. United States*, 31 F. 3d 1341, 1346 (6th Cir. 1994).

Here, the Michigan Court of Appeals was not unreasonable in determining that there had been no breach of the plea agreement. "[A] federal court sitting in habeas review should not 'lightly find misrepresentation in a plea agreement.'" *Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001) (Steeh, J.) (quoting *Montoya v. Johnson*, 226 F. 3d 399, 406 (5th Cir. 2000). Further, the prosecution is held only to the literal terms of the plea agreement. *See United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988). The Michigan Court of Appeals could, as it did, reasonably construe the plea agreement as strictly asking the prosecutor to recommend the low end of the sentencing guidelines, which she did. When construed in this manner, it is apparent that the prosecutor's recommendation did not violate the literal terms of the plea agreement. *See United States v. Johnson*, (W.D. Va. 2009) (holding that although the prosecutor "railed for several minutes about petitioner's prior criminal involvement with drugs," he recommended a sentence, pursuant to the plea agreement, "at the lower end of the sentencing guideline range and thus there was no breach of plea agreement.")

Further, the prosecutor's action in making "harsh comments" or, as petitioner contends, portraying her as an evil pathological liar, did not violate the terms of the plea agreement. At sentencing, the prosecutor referred to the police report where she noted that petitioner took

9

advantage of her relationship with the physicians in the practice and threatened employees of the practice who confronted her or questioned her practices. (7/30/10 Sentence Tr. at 28-29.) Further, the prosecutor made note that she was still lying and additional charges could have been brought, but were not filed in order to comply with the plea agreement.

Nevertheless, the prosecutor asked the court to sentence petitioner, pursuant to the plea agreement, at the low end of the sentencing guidelines. (7/30/10 Sentence Tr. at 31.) As the First Circuit explained in *United States v. Canada*, "a prosecutor normally need not present promised recommendations to the court with any particular degree of enthusiasm." 960 F.2d 263, 269-70 (1st Cir. 1992). Furthermore, the court explained, "prosecutors need [not] adhere to any particular form of words in 'recommending' an agreed sentence, but their overall conduct must be reasonably consistent with making such a recommendation rather than the reverse." *Id*. at 269.

In the instant case, despite petitioner contending that the prosecutor made "harsh comments" at sentencing, nothing in the record suggests anything said was an improper injection of the prosecutor's material reservations about the agreement. *See Canada* at 270. Despite the fact that petitioner contends that the prosecutor's comments "painted the Defendant as an evil pathological liar," that simply is not enough to create material reservations regarding the agreement to which the government committed itself. *See U.S. v. Benchimol*, 471 U.S. 453, 456 (1985) (holding that less than enthusiastic support for the recommendation does not violate the plea agreement whereas expressing "personal reservations about the agreement" does violate the plea agreement); *Canada* 960 F.2d at 270. Thus the prosecutor's statements at sentencing did not violate the terms of the plea agreement. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E. *Sentencing Guidelines and Restitution*

With respect to the scoring of the guidelines, petitioner's claim is not cognizable on habeas review. A habeas petitioner's claim that the trial court violates state law when sentencing her is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987.) Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored or departed from the guidelines range raises issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (Claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). Thus petitioner is not entitled to habeas relief on her claims relating to the trial court's scoring of, or departure from, the Michigan sentencing guidelines.

Petitioner also contends that the trial court erred in imposing restitution at sentencing without first determining her ability to pay. This claim does not provide a cognizable basis for habeas relief. The habeas statute provides that a federal court may entertain a habeas application from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because an order of restitution has no bearing on the validity or duration of a prisoner's custody, a challenge to the order of restitution is not cognizable under § 2254. *See Taylor v. Hamlet*, 88 Fed. App. 220, 220 (9th Cir. 2004); *Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008); *Carter v. Smith*, No. 06-CV-11927, 2007 WL 325358, at

11

7 (E.D. Mich. Jan. 31, 2007) (Steeh, J.); *cf. Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003); *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir. 1996). Accordingly the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.     *Recommendation Regarding Certificate of Appealability*

     1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of

probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

If the Court accepts my recommendation on the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. Petitioner bases her petition on three grounds: that the prosecutor breached the plea agreement made with Ms. Aldrich, that the trial court erred in imposing a sentence that departed from the minimum sentencing guidelines without adequate reason, and that the trial court erred in imposing restitution at sentencing without first determining her ability to pay.

All three grounds are without merit. There was no breach of the plea agreement, the prosecutor properly asked the court to sentence petitioner, pursuant to the plea agreement, at the low end of the sentencing guidelines. The plea agreement was explicitly stated not to be a *Killebrew*

13

agreement and thus, the judge was not bound by the prosecutor's recommendation. Further, the prosecutor did not state any reservations or issues she had with the plea agreement. Therefore, even though the trial judge departed from the prosecutor's recommendation, the prosecutor did not breach the plea agreement. Moreover, the petitioner's subsequent two claims are not cognizable for habeas relief. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

G.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: June 17, 2013

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Lona Aldrich and Counsel of Record on this date.

Dated: June 17, 2013            s/ Lisa C. Bartlett
                                Case Manager